DAVIS WRIGHT TREMAINE LLP
John A. Goldmark (admitted pro hac vice)
Max B. Hensley (admitted pro hac vice)
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Tel: (206) 622-3150; Fax: (206) 757-7700
Email: johngoldmark@dwt.com
        maxhensley@dwt.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kangaroo Manufacturing, Inc., a Florida corporation,<br><br>                     Plaintiff,<br><br>    v.<br><br>Amazon.com, Inc., a Delaware corporation,<br><br>                  Defendant. | No. 2:17-cv-01806-SPL<br><br>**AMAZON'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2.L17-cv-01806-SPL
4844-3023-3452v.8 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

MOTION ................................................................................................................. 1

MEMORANDUM OF LAW ..................................................................................... 1

I.     BACKGROUND ............................................................................................. 2

II.    ARGUMENT ................................................................................................... 2

      A.    Legal Standard .................................................................................... 2

      B.    Kangaroo's Federal Claims Should Be Substantially Narrowed ............ 2

            1.    Amazon Is Not Liable for Alleged Trademark or Copyright
                 Infringement by Third-Party Sales on the Marketplace ............... 3

            2.    Kangaroo's Copyright Claims for Copying and Displaying
                 Its Images on the Website Fail. ................................................. 5

            3.    Kangaroo Has No Evidence to Support Its Willfulness
                 Claims. ................................................................................... 7

      C.    Kangaroo's State Law Claims, Except One, Fail as a Matter
          of Law. ............................................................................................. 9

            1.    Kangaroo's Negligence Claim Fails. ........................................ 9

                 a.    Kangaroo's Negligence Claim Fails Because It Has
                     Identified No Legal Duty Owed to It by Amazon. ........... 9

                 b.    Kangaroo Cannot Hold Amazon Responsible for
                     Third-Party Sales and Content. ....................................... 10

                 c.    Kangaroo Cannot Assert Claims on Behalf of Others. ..... 12

            2.    Kangaroo's Unjust Enrichment Claim Fails. ............................. 13

            3.    Kangaroo's Duplicative Unfair Competition Claim Fails
                 to the Same Extent As Its Lanham Act Claim. .......................... 14

            4.    Kangaroo's Tortious Interference Claim Fails. .......................... 14

            5.    The Court Should Reject Kangaroo's Punitive
                 Damages Claim. ...................................................................... 15

III.   CONCLUSION ............................................................................................... 15

MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2.L17-cv-01806-SPL – i
4844-3023-3452v.8 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)..................................................................................2

*Barnes v. Yahoo!, Inc.*,
570 F.3d 1096 (9th Cir. 2009) .............................................. 12

*BWP Media USA, Inc. v. Clarity Digital Grp., LLC*,
820 F.3d 1175 (10th Cir. 2016) ......................................................6

*Carafano v. Metrosplash.Com, Inc.*,
339 F.3d 1119 (9th Cir. 2003) .............................................. 11

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)..................................................................................2

*Corbis Corp. v. Amazon.com, Inc.*,
351 F. Supp. 2d 1090 (W.D. Wash. 2004)...................................... 11

*Cortez v. Skol*,
2016 WL 3658954 (D. Ariz. Mar. 25, 2016)............................................2

*Craten v. Foster Poultry Farms Inc.*,
2018 WL 834937 (D. Ariz. Feb. 13, 2018)............................... 15

*DC Comics v. Towle*,
802 F.3d 1012 (9th Cir. 2015) ....................................................8

*eMove Inc. v. SMD Software Inc.*,
2012 WL 1379063 (D. Ariz. Apr. 20, 2012) ............................... 14, 15

*Erie Ins. Co. v. Amazon.com Inc.*,
2018 WL 3046243 (D. Md. Jan. 22, 2018)...................................... 11, 12

*Evergreen Safety Council v. RSA Network, Inc.*,
697 F.3d 1221 (9th Cir. 2012) ....................................................8

*Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*,
778 F.3d 1059 (9th Cir. 2015) ....................................................8

*Fox Broad. Co. v. Dish Network L.L.C.*,
747 F.3d 1060 (9th Cir. 2014) ....................................................5

MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2.L17-cv-01806-SPL – ii
4844-3023-3452v.8 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*Gipson v. Kasey*,
214 Ariz. 141, 150 P.3d 228 (2007) ...................................................................9

*Green v. AOL*,
318 F.3d 465 (3d Cir. 2003) ....................................................................... 10

*Kodadek v. MTV Networks, Inc.*,
152 F.3d 1209 (9th Cir. 1998) ................................................................... 14

*Lasoff v. Amazon.com Inc.*,
2017 WL 372948 (W.D. Wash. Jan. 26, 2017),
*appeal filed*, No. 17-35173 (9th Cir. Feb. 24, 2017) .............................. 11

*Lips v. Scottsdale Healthcare Corp.*,
224 Ariz. 266, 229 P.3d 1008 (2010) .................................................. 9, 10

*Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*,
658 F.3d 936 (9th Cir. 2011) .......................................................................8

*McDonald v. LG Elecs., USA, Inc.*,
219 F. Supp. 3d 533 (D. Md. 2016)............................................................4

*MDY Indus., LLC v. Blizzard Entm't, Inc.*,
629 F.3d 928 (9th Cir. 2010),
*as amended on denial of reh'g* (Feb. 17, 2011) .......................................7

*Milo & Gabby, LLC v. Amazon.com, Inc.*,
2015 WL 4394673 (W.D. Wash. July 16, 2015),
*aff'd*, 693 F. App'x 879 (Fed. Cir. 2017),
*cert. denied*, 138 S. Ct. 335 (2017)................................................... 5, 6, 7

*Milo & Gabby LLC v. Amazon.com, Inc.*,
693 F. App'x 879 (Fed. Cir. 2017),
*cert. denied*, 138 S. Ct. 335 (2017) .................................................... 4, 5

*Oberdorf v. Amazon.com, Inc.*,
295 F. Supp. 3d 496 (M.D. Pa. 2017),
*appeal filed*, No. 18-1041 (3d Cir. Jan. 14, 2018) .............................. 4, 11

*Parisi v. Sinclair*,
774 F. Supp. 2d 310 (D.D.C. 2011) ...................................................... 12

*Quiroz v. Alcoa, Inc.*,
243 Ariz. 560, 416 P.3d 824 (2018) ..........................................................9

*Sec. Title Agency, Inc. v. Pope*,
219 Ariz. 480, 498200 P.3d 977 (Ariz. App. 2008) .............................. 15

MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2.L17-cv-01806-SPL – iii
4844-3023-3452v.8 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

*Stone Creek Inc. v. Omnia Italian Design Inc.*,
   2018 WL 1784689 (D. Ariz. Apr. 12, 2018),
   *appeal filed*, No. 18-15914 (9th Cir. May 21, 2018) ...................................................8

*ThermoLife Int'l, LLC v. Gaspari Nutrition, Inc.*,
   871 F. Supp. 2d 905 (D. Ariz. 2012) ...................................................... 14

*Tiffany (NJ) Inc. v. eBay Inc.*,
   600 F. 3d 93 (2d Cir. 2010) ...................................................................4

*Trustmark Ins. Co. v. Bank One, Ariz., NA*,
   202 Ariz. 535, 48 P.3d 485 (Ariz. App. 2002) ........................................ 13

*UMG Recordings, Inc. v. Shelter Capital Partners LLC*,
   718 F.3d 1006 (9th Cir. 2013) ...............................................................6

*Wagenseller v. Scottsdale Mem'l Hosp.*,
   147 Ariz. 370, 710 P.2d 1025 (1985) .................................................... 14

*Zeran v. AOL*,
   129 F.3d 327 (4th Cir. 1997) ................................................................ 10

**Statutes**

15 U.S.C. § 1125(a) ...................................................................................9

17 U.S.C. § 512(c) ....................................................................................6

47 U.S.C. § 230(c)(1) .............................................................................. 10

**Other Authorities**

Fed. R. Civ. P. 56(a) .................................................................................2

2 Nimmer on Copyright § 8.12 (2018) ......................................................3

Dan B. Dobbs, The Law of Torts § 452 (Supp. 2009) .............................. 10

MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2.L17-cv-01806-SPL – iv
4844-3023-3452v.8 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## MOTION

Kangaroo Manufacturing, Inc.'s ("Kangaroo") Complaint alleges seven causes of action: (1) trademark infringement and false designation of origin; (2) use of counterfeit trademarks; (3) copyright infringement; (4) negligence; (5) unjust enrichment; (6) unfair competition; and (7) tortious interference with a prospective contract. By this motion, Amazon.com, Inc. ("Amazon") seeks summary judgment on all of Kangaroo's claims, except the Lanham Act and duplicative state-law unfair competition claims (Counts I, II & IV) to the extent those claims allege Amazon itself sold certain of the accused products. Kangaroo's remaining claims all fail under settled law and the undisputed facts disclosed in discovery. The Court should therefore dismiss them. The Court should also dismiss Kangaroo's claims for "willful" infringement and state law punitive damages, which no evidence supports.

## MEMORANDUM OF LAW

This case presents a simple, narrow intellectual property dispute between Kangaroo and Amazon. But Kangaroo's scattershot Complaint (Dkt. 1) is not so confined. The Complaint's seven causes of action cast a wide range of convoluted, duplicative, and vague factual allegations. Having completed discovery, including Kangaroo's mandatory disclosures, it is now clear that most of these claims lack factual support, improperly attack Amazon for the acts of third parties, or seek to vicariously recover for alleged breaches of a contract to which Kangaroo is not a party. The Court should dismiss these unsupported and legally flawed claims, while leaving for trial the narrower Lanham Act and unfair competition claims based on alleged unlawful product sales by Amazon. Summary judgment is warranted and will enable efficient resolution of the remaining claims.

MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2.L17-cv-01806-SPL – 1
4844-3023-3452v.8 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# I.    STATEMENT OF FACTS

Amazon incorporates its separately filed Statement of Facts ("SOF"), the Declaration of Ella Irwin and the exhibits thereto, and the Declaration of John A. Goldmark and the exhibits thereto.

# II.    ARGUMENT

## A.    Legal Standard

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "The moving party merely needs to point out to the Court the absence of evidence supporting its opponent's claim; it does not need to disprove its opponent's claim."  *Cortez v. Skol*, 2016 WL 3658954, at *3 (D. Ariz. Mar. 25, 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The party opposing summary judgment then "may not rest upon the mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing that there is a genuine issue for trial."  *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)).

## B.    Kangaroo's Federal Claims Should Be Substantially Narrowed.

Kangaroo's Complaint pleads three federal IP claims—two trademark (Counts I & II) and one copyright (Count III).  The bulk of these claims either fail as a matter of law or must be dismissed as Kangaroo has failed to produce any facts to support them.

*First*, Kangaroo's trademark and copyright claims based on third-party sales (nearly 40% of the accused sales) all fail because settled law holds that Amazon cannot be held liable for alleged infringing sales by third parties selling on its marketplace.

*Second*, Kangaroo's copyright claims for copying and distributing its images on the Amazon website fail because (a) third parties, not Amazon, were responsible for copying and uploading those images, (b) Amazon is protected from liability for storing

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

and making accessible such images under the Digital Millennium Copyright Act ("DMCA"), and (c) Amazon had a license to use and display the materials in any event.

*Third*, Kangaroo's claims for willful infringement fail because the undisputed facts show Amazon worked with Kangaroo to protect its IP rights, responded to its claims of infringement, and removed alleged infringing material where appropriate. Kangaroo has no basis to continue threatening Amazon with claims for enhanced damages.

## 1. Amazon Is Not Liable for Alleged Trademark or Copyright Infringement by Third-Party Sales on the Marketplace.

Kangaroo seeks to hold Amazon liable for alleged trademark and copyright infringements for sales Amazon did not make. *See* Compl. ¶ 45 (alleging trademark infringement because Amazon "delivered counterfeit goods to customers"); SOF ¶ 15 (Kangaroo's damages report includes alleged damages from third-party sales). It is undisputed that nearly 40% of the accused sales were by third-party sellers—not Amazon. SOF ¶ 16. These third parties independently own, list, and sell their products to customers through the Amazon marketplace. SOF ¶ 2. Under settled law, Amazon cannot be held liable for these third-party sales.[1]

First, and most importantly, Amazon never held title to the alleged infringing products sold by third-party sellers. SOF ¶ 4. Absent that control, it cannot be said to have sold title it never held. As the leading commentator on copyright law explains, the term "sale" is defined as an "authorized disposition *by which title passes*." 2 Nimmer on Copyright § 8.12 (2018) (emphasis added). More granularly, Amazon has none of the usual characteristics of a seller. As the Federal Circuit explained in holding Amazon not liable for alleged infringement by third parties on the Amazon marketplace:

---

[1] Kangaroo did not plead theories of contributory or secondary copyright or trademark infringement. Nor has it produced any facts which could substantiate such theories.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Amazon, moreover, did not control what information or pictures were put on the product-detail page, nor did it control the price for which the product was sold. ... [T]hird-party sellers ... controlled these details at all times. Amazon, therefore, was not responsible for the actual listing of the product for sale, consummating the sale, or transferring title. Instead, Amazon merely provided an online marketplace that third-party sellers could use to sell their products and then, in some instances when the third-party sellers used the additional Amazon services, shipped the products to the final destination. Thus, while Amazon's services made it easier for third parties to consummate a sale, the third parties remained the sellers.

*Milo & Gabby LLC v. Amazon.com, Inc.*, 693 F. App'x 879, 886-87 (Fed. Cir. 2017) (citation omitted), *cert. denied*, 138 S. Ct. 335 (2017).

In *Milo & Gabby*, the Federal Circuit held that Amazon was not a seller of products sold by third parties on its website, applying the common meaning of the term and the Uniform Commercial Code. *Id.* at 890-91. The court reasoned that, because Amazon "merely provides an online marketplace followed by logistical and shipping services after the third-party seller has completed its transaction with a buyer, Amazon is not a seller" under federal law. *Id.* at 890. The court thus affirmed summary judgment of the trademark and copyright claims against Amazon. *Id.* at 881-82, 893.

Courts across the country have repeatedly and uniformly reached this same conclusion, rejecting claims seeking to hold Amazon (or other online marketplaces) liable for third-party sales under a variety of claims, including the Lanham Act. *See, e.g.*, *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F. 3d 93, 114 (2d Cir. 2010) (affirming summary judgment dismissal of trademark infringement and dilution claims: "It is true that eBay did not itself sell counterfeit Tiffany goods; only the fraudulent vendors did, and that is in part why we conclude that eBay did not infringe Tiffany's mark."); *Oberdorf v. Amazon.com, Inc.*, 295 F. Supp. 3d 496, 499-501 (M.D. Pa. 2017) (summary judgment dismissal of products liability claims against Amazon because it was not the seller), *appeal filed*, No. 18-1041 (3d Cir. Jan. 14, 2018); *McDonald v. LG Elecs., USA, Inc.*, 219 F. Supp. 3d 533, 542 (D. Md. 2016) (dismissing claims because "Amazon's role as the 'platform' for the third-party sales does not qualify it as a merchant or seller").

MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2.L17-cv-01806-SPL – 4
4844-3023-3452v.8 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

The same is true here. *See* SOF ¶ 2. As a result, Kangaroo's infringement claims against Amazon based on third-party sales have been brought against the wrong party, and fail as a matter of law.

### 2. Kangaroo's Copyright Claims for Copying and Displaying Its Images on the Website Fail.

Kangaroo alleges Amazon violated its copyright in "the product design and images" of one product (emoji beach balls) "[b]y copying and displaying the copyrighted image and design to sell counterfeits." SOF ¶ 18a.[2] But this claim fails for at least three reasons.

First, the evidence does not support Amazon's liability for copyright infringement because such infringement "requires 'copying *by* the defendant,' which comprises a requirement that the defendant cause the copying." *Milo & Gabby, LLC v. Amazon.com, Inc.*, 2015 WL 4394673, at *4 (W.D. Wash. July 16, 2015) (quoting *Fox Broad. Co. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2014)), *aff'd*, 693 F. App'x 879 (Fed. Cir. 2017). For instance, in *Milo & Gabby*, plaintiff alleged Amazon was liable for copyright infringement based on sales of inauthentic products from detail pages displaying plaintiff's copyrighted material. *Id.* at *2. The court granted Amazon summary judgment because "there is no evidence in the record that Amazon actively reviewed, edited, altered or copied Plaintiffs' images." *Id.* at *4. The court further emphasized that "the content of the detail pages and advertisements was supplied by third[ ]parties via an automated file upload system, and did not originate from Amazon." *Id.* at *6. The same is true here. *See* SOF ¶¶ 25-26. The evidence shows Amazon's automated process uploads detail page content from contributions from sellers and manufacturers, and Kangaroo has no evidence to show Amazon actively reviewed or

---

[2] Kangaroo pleaded only two copyrights in this matter, covering emoji designs and photographs. *See* Compl. ¶ 65 & Exs. 1-2. Kangaroo's copyright claims, therefore, are limited to alleged infringements of those copyrights.

MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2.L17-cv-01806-SPL – 5
4844-3023-3452v.8 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

copied the material.  As a result, there are no disputed issues of material fact and summary judgment is appropriate on the copyright claims.

Second, even if Kangaroo could show infringement by Amazon, the DMCA bars Kangaroo's copyright claims.  *See* 17 U.S.C. § 512(c).  The DMCA safe harbor "protect[s] online and internet service providers ('ISPs') from monetary liability … when copyright infringement occurs through use of the service."  *BWP Media USA, Inc. v. Clarity Digital Grp.*, *LLC*, 820 F.3d 1175, 1177-78 (10th Cir. 2016); *see also UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013).  Thus, under 17 U.S.C. § 512(c), a website provider that meets the DMCA's threshold requirements[3] is not liable "for infringement of copyright by reason of the storage at the direction of a user" if the provider (1) does not have actual or apparent knowledge that the material is infringing, *id.* § 512(c)(1)(A)(i)-(ii); (2) upon obtaining such knowledge, "acts expeditiously to remove, or disable access to, the material," *id.* § 512(c)(1)(A)(iii); and (3) does not have "the right and ability to control [the infringing] activity" (or, if it does, does not benefit financially from the infringement), *id.* § 512(c)(1)(B).

Here, no evidence supports that Amazon knew of the alleged infringement before this lawsuit.  Amazon has a process for submitting reports of infringement as required by the DMCA.  SOF ¶¶ 20-21.  In fact, Kangaroo has used this process to submit "notice and take down" requests for other listings, and Amazon responded, taking down the material where appropriate and usually within days.  SOF ¶ 22.  But Kangaroo never submitted such a request for copyrighted material on the detail pages for the products at issue in this case.  *See id.*  As a result, Kangaroo's copyright claims fail as a matter of law.  Further, Kangaroo acknowledged Amazon removed the listings at issue after

---

[3] Courts have recognized Amazon meets the threshold requirements. *See Milo & Gabby*, 2015 WL 4394673, at *7-8.

MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2.L17-cv-01806-SPL – 6
4844-3023-3452v.8 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Kangaroo gave notice by filing suit.  *See* SOF ¶ 2.  Finally, courts have found in similar contexts that Amazon does not have the "ability to control" the infringing activity:

> It is undisputed that Amazon lacks the ability to analyze every image it receives from third party sellers, compare the submitted image to all other copyrighted images that exist in the world, and determine whether each submitted image infringes someone's copyright interest.  As a result, Amazon lacks the ability to control the infringing activity.

*Milo & Gabby*, 2015 WL 4394673, at *9 (citations and internal quotations omitted).

Third, Kangaroo's copyright claims fail because all copyrighted materials displayed on the Amazon site were under license.  Kangaroo admits that its authorized Amazon reseller—owned and controlled by the same individual who owns and controls Kangaroo—entered into an agreement with Amazon to sell the products at issue in this litigation on Amazon's website.  *See* SOF ¶¶ 5-6.  In that agreement, the Amazon Business Solutions Agreement ("BSA"), Kangaroo's authorized seller granted Amazon the following license:

> You grant us a royalty-free, non-exclusive, worldwide, perpetual, irrevocable right and license to use, reproduce, perform, *display, distribute*, adapt, modify, re-format, create derivative works of, and otherwise commercially or non-commercially *exploit in any manner*, any and all of Your Materials, [defined as] "all Technology, *Your Trademarks, Content*, Your Product information, data, materials, and other items or information provided or made available by you or your Affiliates to Amazon or its Affiliates."

SOF ¶ 7 (emphases added).  Amazon cannot have infringed for behavior authorized by the valid license it held.  *See, e.g.*, *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 939 (9th Cir. 2010), *as amended on denial of reh'g* (Feb. 17, 2011).

For all these reason, Kangaroo's copyright claims fail in their entirety.[4]

### 3.    Kangaroo Has No Evidence to Support Its Willfulness Claims.

Under both the Copyright Act and the Lanham Act, damages may be enhanced only if plaintiff can show willful infringement.  Kangaroo can make no such showing.

---

[4] Kangaroo's Lanham Claims (Counts I & II) based on the alleged infringing display of Kangaroo trademarks also fail based on the license.

MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2.L17-cv-01806-SPL – 7
4844-3023-3452v.8 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

"Willful trademark infringement occurs when the defendant's actions are willfully calculated to exploit the advantage of an established mark." *DC Comics v. Towle*, 802 F.3d 1012, 1026 (9th Cir. 2015) (citation and internal quotations omitted). Plaintiff must establish "a connection between a defendant's awareness of its competitors and its actions at those competitors' expense." *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074 (9th Cir. 2015) (citation and internal quotations omitted). Importantly, evidence of mere "[c]arelessness is quite different from an intent to confuse." *Stone Creek Inc. v. Omnia Italian Design Inc.*, 2018 WL 1784689, at *2 (D. Ariz. Apr. 12, 2018), *appeal filed*, No. 18-15914 (9th Cir. May 21, 2018). Similarly, a plaintiff claiming willful copyright infringement must establish "(1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 944 (9th Cir. 2011) (citation and internal quotations omitted). A defendant does not willfully infringe if the "infringing works were produced under color of title, such as under a reasonable belief that the infringer possesses a license or implied license." *Evergreen Safety Council v. RSA Network, Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012).

Kangaroo's claims do not remotely satisfy these standards. Instead, as shown above, Amazon had a license to use the images and repeatedly cooperated with Kangaroo in responding to infringement notices. Indeed, when Kangaroo's Rule 30(b)(6) witness on alleged willfulness was asked to identify evidence supporting the allegation, Kangaroo pointed only to its emails with Amazon in which it submitted notices of claimed infringement—to which Amazon responded and removed the complained of material where appropriate. *See* SOF ¶ 17. Kangaroo has neither produced nor identified, and cannot show, any facts which could support a finding of willfulness.

### C. Kangaroo's State Law Claims, Except One, Fail as a Matter of Law.

Kangaroo asserts four state law claims: (1) negligence, (2) unjust enrichment, (3) unfair competition, and (4) tortious interference.[5] To the extent the unfair competition claim mirrors Kangaroo's claim under 15 U.S.C. § 1125(a) (Count I), Amazon does not seek summary judgment, but all other state law claims fail as a matter of law.

#### 1. Kangaroo's Negligence Claim Fails.

Kangaroo asserted convoluted and wide-ranging negligence claims in its Complaint, but has since narrowed its theories in its mandatory disclosures. In response to the requirement to state all facts and legal theories relevant to its negligence claim, Kangaroo stated: "Amazon has a duty to exercise reasonable care in administering Kangaroo's PDPs, enabling sales of genuine products and enforcing policies to prevent counterfeit sales. Amazon breached its duty of care."[6] SOF ¶ 18b. This claim fails as a matter of law.

##### a. Kangaroo's Negligence Claim Fails Because It Has Identified No Legal Duty Owed to It by Amazon.

"[A]bsent some duty, an action for negligence cannot be maintained." *Gipson v. Kasey*, 214 Ariz. 141, 143, 150 P.3d 228 (2007). "Whether a duty exists is a matter of law for the court to decide." *Lips v. Scottsdale Healthcare Corp.*, 224 Ariz. 266, 268, 229 P.3d 1008 (2010). "[D]uty in Arizona is based on either recognized common law special relationships or relationships created by public policy." *Quiroz v. Alcoa, Inc.*, 243

---

[5] Amazon cites Arizona law because there appears to be no material conflict with Washington law on the issues relevant to this motion, but Amazon reserves the right to later seek application of Washington law.

[6] Kangaroo's Complaint also alleged Amazon negligently overcharged P2P for FBA fees. *See* Compl. ¶¶ 97-100. But Kangaroo abandoned claims related to FBA overcharges. *See* SOF ¶ 19 ("Kangaroo has not made any allegations in this case as to overcharges by Amazon for storage or fulfillment" and "Kangaroo does not have any documents" related to overcharges). Kangaroo then confirmed withdrawal of FBA-related claims in responding to Amazon's pre-motion conferral statement. *See id.*

MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2.L17-cv-01806-SPL – 9
4844-3023-3452v.8 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Ariz. 560, 416 P.3d 824, 829 (2018).  Arizona "[c]ourts have not recognized a general duty to exercise reasonable care for the purely economic well-being of others, as distinguished from their physical safety or the physical safety of their property."  *See Lips*, 224 Ariz. at 268 (citing Dan B. Dobbs, The Law of Torts § 452, at 329-31 (Supp. 2009)).  Instead, "liability for negligence [in such cases] ... must depend upon the existence of some special reasons for finding a duty of care."  *Id.* (citations and internal quotations omitted) (alteration in original).

Here, there is no "special relationship" between the parties.  Kangaroo's claim rests on the flawed premise that Amazon owes Kangaroo (and every other manufacturer in the world) a "general duty to exercise reasonable care for the purely economic well-being of others"—a notion the law squarely rejects.  *See id*.  The negligence claim thus fails for this reason alone.  Further, a negligence claim requires proof of damages and causation, and Kangaroo has provided no evidence of damages caused by alleged breaches of any (nonexistent) duty to properly administer product listings or enforce its online polices.  *See* SOF ¶ 13.

### b. Kangaroo Cannot Hold Amazon Responsible for Third-Party Sales and Content.

Kangaroo's negligence claim also fails because it cannot impose liability on Amazon for third-party sales and content under any state law theory.  Section 230 of the Communications Decency Act ("CDA") provides federal immunity for claims relating to third-party content on marketplaces like Amazon: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1).  It preempts state law and "provides immunity to [Amazon] as a publisher or speaker of information originating from another information content provider."  *Green v. AOL*, 318 F.3d 465, 471 (3d Cir. 2003); *see also Zeran v. AOL*, 129 F.3d 327, 330 (4th Cir. 1997). "[S]o long

MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2.L17-cv-01806-SPL – 10
4844-3023-3452v.8 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

as a third party willingly provides the essential published content, the interactive service provider receives full immunity regardless of the specific editing or selection process." *Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1118 (W.D. Wash. 2004) (quoting *Carafano v. Metrosplash.Com, Inc*., 339 F.3d 1119, 1124 (9th Cir. 2003)).[7]

Courts consistently hold the CDA immunizes Amazon from state-law claims (including negligence) related to harm caused by third-party sales or content. *See Oberdorf*, 295 F. Supp. 3d at 502-03 (summary judgment on negligence claim because CDA immunized Amazon against liability caused by defective dog leash listed by third-party); *Erie Ins. Co. v. Amazon.com Inc.*, 2018 WL 3046243, at *2-3 (D. Md. Jan. 22, 2018) (concluding CDA required grant of summary judgment to Amazon on negligence claims brought in relation to defective product sold by third-party seller on Amazon's marketplace). Courts have also rejected state law claims against Amazon premised on alleged intellectual property infringement where a third party was the source of the infringing content or product. *See Lasoff v. Amazon.com Inc.*, 2017 WL 372948, at *4 (W.D. Wash. Jan. 26, 2017) (summary judgment on CDA grounds where plaintiff alleged Amazon promoted sales of counterfeit products by providing links to the products in promotional emails and search results because "Amazon neither created nor developed that information content" (emphasis omitted)), *appeal filed*, No. 17-35173 (9th Cir. Feb. 24, 2017); *Corbis*, 351 F. Supp. 2d at 1118 (relying on CDA to dismiss state-law claims based on alleged unauthorized display of images because "Amazon did not create or develop the images").

Further, Amazon is immune from claims based on alleged errors or other aspects of content on the product page because "Amazon chooses what information to include on the product detail page *based on manufacturer and seller contributions*." SOF ¶ 25.

---

[7] CDA preemption applies equally to all state law claims based on third-party content. *See Lasoff*, 2017 WL 372948, at *4 (dismissing state law negligence, unjust enrichment, unfair competition, and tortious interference claims against Amazon based on CDA).

MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2.L17-cv-01806-SPL – 11
4844-3023-3452v.8 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

(emphasis added). In *Parisi v. Sinclair*, 774 F. Supp. 2d 310 (D.D.C. 2011), for example, plaintiffs alleged Amazon was liable for defamatory content in the product description for a book. But the court granted Amazon summary judgment on § 230 grounds because the allegedly defamatory "material was automatically pulled into Amazon.com's listing of the … book after it was received" from a third party. *Id.* at 314; *see also Erie*, 2018 WL 3046243, at *3 (granting summary judgment in part because third-party seller "created the product information that was uploaded to the product detail page").

In short, Amazon's alleged failure to properly "administer" third-party listings and sales on the site "can be boiled down to deciding whether to exclude material third parties seek to post online" and thus is "per[ ]force immune." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102-03 (9th Cir. 2009).

### c. Kangaroo Cannot Assert Claims on Behalf of Others.

Kangaroo's negligence allegations duplicate claims P2P made against Amazon in arbitration for breach of contract.[8] SOF ¶ 10. In fact, Kangaroo admitted: "Some of the claims in Kangaroo's Complaint belong to its affiliated company, Yagoozon, now known as Pennies2Platinum and will be heard by the American Arbitration Association as required by the contracts between the parties." SOF ¶¶ 11, 8 (testimony of Kangaroo's principal stating "Kangaroo doesn't sell on Amazon so you've never overcharged me [for FBA fees]"). The content of a product detail page is governed by P2P's contract

---

[8] In response to Amazon's pre-motion conferral statement, Kangaroo stated: "Kangaroo will dismiss duplicative claims to Pennies2Platinum's claims in arbitration." SOF ¶ 12. In response to Amazon's request for clarification regarding which specific aspects of its claims Kangaroo admits are "duplicative" of P2P's claims, Kangaroo identified claims related to FBA overcharges and the Buy Box, but did not address other claims related to the content or functionality of the detail page. *See id.* As Kangaroo did not clarify it may with draw claims related to the Buy Box until late in the day on July 13, 2018 (*see id.*), Amazon briefly addresses claims related to the Buy Box below for the sake of completeness. To the extent Kangaroo declines to withdraw claims related to the content and functionality of product detail pages, the Buy Box, or FBA overcharges, the Court should dismiss those claims as an attempt to assert P2P's contractual grievances.

MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2.L17-cv-01806-SPL – 12
4844-3023-3452v.8 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

with Amazon.  *See* SOF ¶ 25.  Amazon does not owe a duty to Kangaroo to comply with its contractual obligations to P2P, and Kangaroo cannot assert duplicative claims on P2P's behalf.

### 2. Kangaroo's Unjust Enrichment Claim Fails.

Kangaroo's unjust enrichment claim is similarly without merit.  The unjust enrichment claim in Kangaroo's Complaint is broad, but Kangaroo narrowed the claim in discovery to two theories: (1) Amazon "required Kangaroo's authorized sellers to lower the sales prices of Kangaroos products to retain the PDP buy box," and (2) Amazon "overcharged for storage/fulfillment fees and received these fees from counterfeit sales." SOF ¶ 18c.  First, Kangaroo has provided no evidence of damages connected to its unjust enrichment theories, which alone requires dismissal.  *See* SOF ¶ 13.  Further, Kangaroo has since abandoned claims related to FBA charges, and its claims related to collection of "fees from counterfeit sales" fail as preempted by the CDA, as explained above.

To the extent Kangaroo has not withdrawn its unjust enrichment claim related to the Buy Box, that claim likewise fails as preempted by the CDA.  Further "[t]o establish a claim for unjust enrichment, a party must show: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) the absence of justification for the enrichment and the impoverishment; and (5) the absence of a legal remedy."  *Trustmark Ins. Co. v. Bank One, Ariz., NA*, 202 Ariz. 535, 541, 48 P.3d 485 (Ariz. App. 2002).  No evidence supports Amazon that was enriched or that Kangaroo was impoverished when nonparty authorized sellers (like P2P) were allegedly forced to lower prices.  P2P has a legal remedy to address any such impoverishment, and has pursued that remedy in arbitration.  SOF ¶ 10.  And finally, Kangaroo cannot show the "absence of a justification" because the evidence shows the Buy Box functioned as authorized by the contract governing Amazon's relationship with

MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2.L17-cv-01806-SPL – 13
4844-3023-3452v.8 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

third-party sellers (the BSA). *See* SOF ¶ 27 (sellers compete for the Buy Box and are not

guaranteed to receive it).

### 3. Kangaroo's Duplicative Unfair Competition Claim Fails to the Same Extent As Its Lanham Act Claim.

Kangaroo acknowledges its state law unfair competition claim is coextensive with

its Lanham Act claims. *See* SOF ¶ 18d; *see also eMove Inc. v. SMD Software Inc.*, 2012

WL 1379063, at *7 (D. Ariz. Apr. 20, 2012) (citation omitted) (summary judgment

dismissing state unfair competition claim where Lanham Act claim failed because

Arizona "unfair competition claims are congruent with Lanham Act claims"). The Court

should therefore dismiss the unfair competition claim to the same extent as the Lanham

Act claims, as explained above, leaving for trial the claim as it relates to Amazon's sale

of certain of the accused products. Further, the Court should dismiss this claim to the

extent Kangaroo asserts "rights equivalent to those protected by the federal copyright

laws" because the Copyright Act preempts any such state law claim. *Kodadek v. MTV*

*Networks, Inc.*, 152 F.3d 1209, 1213 (9th Cir. 1998).

### 4. Kangaroo's Tortious Interference Claim Fails.

The only basis for Kangaroo's tortious interference claim is that Amazon

allegedly mismanaged the Buy Box. *See* SOF ¶ 18e.[9] To the extent not withdrawn, this

claim is frivolous. First, Kangaroo has provided no evidence of damages to support this

claim. *See* SOF ¶ 13. Second, as explained above, even accepting the allegations in

Kangaroo's Complaint as true (which the Court does not do on summary judgment), the

Buy Box functioned as intended and as authorized by P2P's contract with Amazon.

---

[9] A claim for tortious interference with business expectancy requires "'(1) [t]he existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted.' Any alleged interference must have been both intentional and improper." *ThermoLife Int'l, LLC v. Gaspari Nutrition, Inc.*, 871 F. Supp. 2d 905, 912 (D. Ariz. 2012) (quoting *Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 386, 710 P.2d 1025 (1985)).

MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2.L17-cv-01806-SPL – 14
4844-3023-3452v.8 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Third, Kangaroo has provided no evidence Amazon "intentionally interfered" with any contract, much less that it did so for an improper purpose. Fourth, Kangaroo cannot vicariously bring a claim for interference with P2P's relationship with its customers. And finally, Kangaroo alleges only general interference with potential customer relationships (of P2P), but this Court has granted summary judgment on tortious interference claims where the plaintiff asserts general interference with customer relations but cannot "identify which alleged interferences caused which specific business relationships or expectancies to be disrupted." *eMove*, 2012 WL 1379063, at *14.

### 5. The Court Should Reject Kangaroo's Punitive Damages Claim.

"In Arizona, punitive damages are awarded only in the most egregious of cases, where it is proved by clear and convincing evidence that the defendant engaged in reprehensible conduct and acted with an evil mind." *Craten v. Foster Poultry Farms Inc.*, 2018 WL 834937, at *4 (D. Ariz. Feb. 13, 2018) (quoting *Sec. Title Agency, Inc. v. Pope*, 219 Ariz. 480, 498 200 P.3d 977 (Ariz. App. 2008)). There is no such evidence here. The Court should dismiss the punitive damages claim.

## III. CONCLUSION

For the reasons above, the Court should dismiss all of Kangaroo's claims, except the Lanham Act and state law unfair competition claims (Counts I, II & IV) based on Amazon's own sale of the accused products. The Court should also dismiss Kangaroo's unsupported claims for willful infringement and punitive damages. This leaves the claims that turn on disputed issues of material fact for trial: Kangaroo's allegation that Amazon's sale of certain accused products violated the Lanham Act.

MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2.L17-cv-01806-SPL – 15
4844-3023-3452v.8 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DATED this 13th day of July, 2018.

By   s/ John Goldmark
John A. Goldmark (admitted *pro hac vice*)
Max B. Hensley (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Tel: (206) 622-3150; Fax: (206) 757-7700
Email: johngoldmark@dwt.com
          maxhensley@dwt.com

James E. Geringer (admitted *pro hac vice*)
Klarquist Sparkman, LLP
121 SW Salmon Street, Suite 1600
Portland, Oregon 97204
Tel: (503) 595-5300; Fax: (503) 595-5301
Email: james.geringer@klarquist.com

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2018, a true and correct copy of the foregoing document was electronically filed with the Clerk of the United States District Court of the District of Arizona by using the CM/ECF system, and that service will be accomplished by the CM/ECF system to all counsel of record.

I further certify that I have mailed a true and correct copy of the forgoing document by United States Mail as well as by email to:

Timothy Grimm, Esq.
Eadie Rudder, Esq.
Carpenter, Hazelwood, Delgado & Bolen, PLC
1400 E. Southern Ave., Suite 400
Tempe, AZ 85282
**Email:** timothy.grimm@carpenterhazlewood.com
**Email:** eadie.rudder@carpenterhazlewood.com

Attorneys for Plaintiff

DATED this 13th day of July, 2018.

s/ *John Goldmark*
John Goldmark

MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 2.L17-cv-01806-SPL – 17
4844-3023-3452v.8 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax