DAVIS WRIGHT TREMAINE LLP
John A. Goldmark (admitted pro hac vice)
Max B. Hensley (admitted pro hac vice)
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Tel: (206) 622-3150; Fax: (206) 757-7700
Email: johngoldmark@dwt.com
Email: maxhensley@dwt.com

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kangaroo Manufacturing, Inc., a Florida corporation,<br><br>      Plaintiff,<br><br> v.<br><br>Amazon.com, Inc., a Delaware corporation,<br><br>      Defendant. | No. 2:17-cv-01806-SPL<br><br>**AMAZON'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** |

AMAZON'S REPLY IN SUPP. MOT. FOR PARTIAL SUMM. J.
Case No. 2.L17-cv-01806-SPL
4832-5275-9919v.4 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..........................................................................................................1

II. ARGUMENT ................................................................................................................1

    A. Kangaroo's Federal Claims Are Limited to Allegations Under the Lanham Act Based on Amazon's Own Product Sales. ........................1

        1. Kangaroo Concedes It Cannot Pursue Lanham Act Claims Against Amazon for Alleged Infringing Sales by Third Parties. ....................................................................................1

        2. Kangaroo's Copyright Claim Should Be Dismissed. ......................2

        3. Kangaroo Cannot Establish a Viable Argument for Willful Damages Under the Lanham Act. ........................................6

    B. Kangaroo's Defense of Its State Law Claims Has No Merit. .....................7

        1. Section 230 of the Communications Decency Act Precludes all State Law Claims Premised on Third-Party Sales and Content. ..............................................................................7

        2. Kangaroo's Attempt to Duplicate Its IP Claims Through Common Law Negligence Is Meritless. ...........................................8

        3. Kangaroo Abandoned Its Unjust Enrichment Claim. ......................9

        4. The Court Should Limit Kangaroo's Unfair Competition Claim to Mirror Its Lanham Act Claim. ...........................................9

        5. Kangaroo Abandoned Its Tortious Interference Claim, Which Must Be Dismissed as Meritless. ..................................... 10

        6. Kangaroo's Punitive Damages Argument Is Meritless. ................ 11

III. CONCLUSION ........................................................................................................... 11

AMAZON'S REPLY IN SUPP. MOT. FOR PARTIAL SUMM. J
Case No. 2.L17-cv-01806-SPL – i
4832-5275-9919v.4 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bourne v. Walt Disney Co.*,
 68 F.3d 621 (2d Cir. 1995) ...................................................................................................5

*Cowboy v. Zinke*,
 2018 WL 619722 (D. Ariz. Jan. 30, 2018) ............................................................................4

*eMove Inc. v. SMD Software Inc.*,
 2012 WL 1379063 (D. Ariz. Apr. 20, 2012) .....................................................................9, 11

*Fox Broad. Co. v. Dish Network L.L.C.*,
 747 F.3d 1060 (9th Cir. 2014) ...............................................................................................2

*Hydramedia Corp. v. Hydra Media Grp. Inc.*,
 392 F. App'x 522 (9th Cir. 2010) ..........................................................................................6

*Kodadek v. MTV Networks, Inc.*,
 152 F.3d 1209 (9th Cir. 1998) ...............................................................................................8

*Lindy Pen Co., Inc. v. Bic Pen Corp.*,
 982 F.2d 1400 (9th Cir. 1993), *abrogated on other grounds sub nom. by
 SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179 (9th Cir. 2016) ........6, 7

*Lips v. Scottsdale Healthcare Corp.*,
 224 Ariz. 266, 229 P.3d 1008 (2010) ....................................................................................8

*Microsoft Corp. v. Black Cat Computer Wholesale, Inc.*,
 269 F. Supp. 2d 118 (W.D.N.Y. Sept. 24, 2002) ...................................................................3

*Milo & Gabby, LLC v. Amazon.com, Inc.*,
 2015 WL 4394673 (W.D. Wash. July 16, 2015),
 *aff'd*, 693 F. App'x 879 (Fed. Cir. 2017) ........................................................................2, 3, 5

*Milo & Gabby LLC v. Amazon.com, Inc.*,
 693 F. App'x 879 (Fed. Cir. 2017), *cert. denied*, 138 S. Ct. 335 (2017) ...............................1

*Netbula, LLC v. BindView Dev. Corp.*,
 516 F. Supp. 2d 1137 (N.D. Cal. 2007) .................................................................................5

*Nolan v. BNSF Ry. Co.*,
 2014 WL 12724428 (D. Ariz. Sept. 23, 2014) ......................................................................4

AMAZON'S REPLY IN SUPP. MOT. FOR PARTIAL SUMM. J
Case No. 2.L17-cv-01806-SPL – ii
4832-5275-9919v.4 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*Rodriguez v. Quality Loan Serv. Corp.*,
 2009 WL 4807315 (D. Ariz. Dec. 4, 2009) ............................................................... 1, 8

*Sherman v. First Am. Title Ins. Co.*,
 201 Ariz. 564, 38 P.3d 1229 (Ct. App. 2002) ................................................................ 9

*Spin Master, Ltd. v. Zobmondo Entm't, LLC*,
 944 F. Supp. 2d 830 (C.D. Cal. 2012) ........................................................................... 6

*SunEarth, Inc. v. Sun Earth Solar Power Co.*,
 2013 WL 4528539 (N.D. Cal. Aug. 23, 2013), *amended in part by* 2013 WL
 6157208 (N.D. Cal. Nov. 22, 2013), *aff'd*, 664 F. App'x 657 (9th Cir. 2016) ............ 7

*Tiffany & Co. v. Costco Wholesale Corp.*,
 127 F. Supp. 3d 241 (S.D.N.Y. 2015) ......................................................................... 11

*Westar Air Cargo of Tex., Inc. v. Weststar Express Air Cargo, Inc.*,
 2007 WL 1381617 (D. Ariz. May 9, 2007) ................................................................... 4

**Statutes**

17 U.S.C. § 512(c)(3) .............................................................................................................4

47 U.S.C. § 230 ........................................................................................................... 7, 8, 10

**Other Authorities**

Fed. R. Civ. P. 26 ...................................................................................................................4

Fed. R. Civ. P. 37(c)(1) ..........................................................................................................4

LRCiv 7.2 ............................................................................................................................2, 8

USDC Ariz. General Order 17-08 .......................................................................................10

AMAZON'S REPLY IN SUPP. MOT. FOR PARTIAL SUMM. J
Case No. 2.L17-cv-01806-SPL – iii
4832-5275-9919v.4 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Amazon's Motion for Partial Summary Judgment sought to limit Kangaroo's disorganized and duplicative allegations to the single question on which a genuine dispute of material fact exists: Is Kangaroo entitled to relief on its Lanham Act and parallel state law unfair competition claims for Amazon's own sales of certain products? Kangaroo's Opposition fails to rebut Amazon's Motion, and offers no compelling reason to permit Kangaroo to pursue any other claims.

First, Kangaroo's claims against Amazon based on sales made by third parties fail under any theory, and Kangaroo ignores or fails to distinguish the overwhelming body of law rejecting such claims. Second, Kangaroo's attempt to preserve its copyright claim defies its own mandatory disclosures and relies on misstatements of the evidence. Third, Kangaroo's state law claims are largely preempted, and to the extent not abandoned, are unsupported by any law. And finally, Kangaroo points to no evidence sufficient to sustain its claim that Amazon is liable for willful infringement or punitive damages.

The Court should grant Amazon's motion, substantially narrowing the issues and enabling efficient resolution of the remaining claims.

## II. ARGUMENT

### A. Kangaroo's Federal Claims Are Limited to Allegations Under the Lanham Act Based on Amazon's Own Product Sales.

#### 1. Kangaroo Concedes It Cannot Pursue Lanham Act Claims Against Amazon for Alleged Infringing Sales by Third Parties.

Kangaroo has no response whatsoever to Amazon's argument that Kangaroo's Lanham Act claims must be narrowed to exclude sales by third parties for which Amazon is not legally responsible. *See* Mot. at 3-5 (and cases cited therein, including *Milo & Gabby LLC v. Amazon.com, Inc.*, 693 F. App'x 879, 886-87 (Fed. Cir. 2017), *cert. denied*, 138 S. Ct. 335 (2017)). Kangaroo has thus conceded that argument, *see Rodriguez v. Quality Loan Serv. Corp.*, 2009 WL 4807315, at *1 (D. Ariz. Dec. 4, 2009)
AMAZON'S REPLY IN SUPP. MOT. FOR PARTIAL SUMM. J
Case No. 2.L17-cv-01806-SPL – 1
4832-5275-9919v.4 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

("Failure to respond to arguments raised in dispositive motions 'may be deemed a consent to the . . . granting of the motion.'") (quoting LRCiv 7.2(i)),[1] and the Court should dismiss Counts I and II to the extent they relate to third-party sales.

### 2. Kangaroo's Copyright Claim Should Be Dismissed.

Kangaroo admits that its only copyright claim is its allegation that Amazon infringed by "copying and displaying the copyrighted image and design." Amazon's Statement of Facts (Dkt. 73) ("SOF") ¶ 18a; Pl.'s Resp. to Amazon's Statement of Facts (Dkt. 80) ("KSOF") ¶ 18 ("Undisputed"). It does not challenge the settled principle that liability for direct infringement "requires 'copying *by* the defendant,' which comprises a requirement that the defendant cause the copying." *Milo & Gabby, LLC v. Amazon.com, Inc.*, 2015 WL 4394673, at *4 (W.D. Wash. July 16, 2015) (quoting *Fox Broad. Co. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2014)), *aff'd*, 693 F. App'x 879 (Fed. Cir. 2017). And it concedes "Amazon did not contribute content to the detail page for any of the Accused Products." SOF ¶ 26; KSOF ¶ 26 ("Undisputed"). Despite these concessions, Kangaroo insists its copyright claim should proceed to trial. It should not.

As Amazon showed in its motion, Kangaroo's copyright claims fail for three independent and legally dispositive reasons. Mot. at 5-7. Kangaroo has not met its burden of overcoming any one of these fundamental flaws, let alone all three.

<u>No Evidence of Copying by or Caused by Amazon</u>. Kangaroo argues that Amazon's efforts to protect Kangaroo's copyrights by responding to its complaints about images posted by third parties somehow makes Amazon liable for infringement. Opp. at 4. In support of this contention, Kangaroo relies on two paragraphs in its Statement of Facts. *Id.* (citing KSOF ¶¶ 28-29). But those allegations involve Kangaroo's reports of alleged "copyright infringement by *other sellers*," and Amazon's responses to those

---

[1] To the extent the Court (generously) interprets Kangaroo's arguments on its copyright and state law claims to apply to its Lanham Act claim, Amazon incorporates by reference its arguments in those sections of this Reply.

AMAZON'S REPLY IN SUPP. MOT. FOR PARTIAL SUMM. J
Case No. 2.L17-cv-01806-SPL – 2
4832-5275-9919v.4 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

allegations. KSOF ¶¶ 28-29 (emphasis added); *see also* Schnider Decl. (Dkt. 79-1) ¶¶ 5-7 (reporting infringement by "other sellers"). Kangaroo cannot point to any allegation—much less any evidence, as required to avoid summary judgment—that Amazon put any image on a Product Detail Page, made copies of any image, or chose to reproduce or display any of Kangaroo's copyrighted images. *See Milo & Gabby*, 2015 WL 4394673, at *5 ("Central to a finding of direct copyright infringement is the principle that a defendant must 'actively' engage in one of the protected activities under the Copyright Act.").[2] As the *Milo & Gabby* court found in rejecting the same copyright claim Kangaroo advances here: "[T]he evidence in the record demonstrates that the content of the detail pages and advertisements was supplied by third parties via an automated file upload system, and did not originate from Amazon. This evidence has gone un-refuted by Plaintiffs." *Id.* at *6. The same is true here. SOF ¶¶ 25-26; KSOF ¶¶ 25-26 ("Undisputed"). Amazon did not "actively participate[]in the alleged copying of the digital images at issue," and therefore, Kangaroo's copyright claim fails as a matter of law. *See Milo & Gabby*, 2015 WL 4394673, at *4-6

Kangaroo relies on *Microsoft Corp. v. Black Cat Computer Wholesale, Inc.*, 269 F. Supp. 2d 118 (W.D.N.Y. Sept. 24, 2002) to argue that Amazon should be held liable for its distribution of alleged "counterfeit copyrighted products." Opp. at 4. But this theory is barred by Kangaroo's mandatory disclosures, in which the Court required Kangaroo to state the "legal theories upon which" each claim is based. Dkt. 19-1. In response to that instruction, Kangaroo limited its copyright claim to include only allegations that Amazon infringed Kangaroo's ***display*** and ***reproduction*** rights—not its ***distribution*** right. SOF ¶ 18a. In its own statement of facts, Kangaroo confirmed this limitation. KSOF ¶ 18. This argument is thus foreclosed by Kangaroo's binding

---

[2] Kangaroo did not plead (or identify in its disclosures) any theories of secondary copyright infringement.

AMAZON'S REPLY IN SUPP. MOT. FOR PARTIAL SUMM. J
Case No. 2.L17-cv-01806-SPL – 3
4832-5275-9919v.4 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

admissions. *See* Rule 37(c)(1) (failure to disclose means party is "not allowed to use that information . . . to supply evidence on a motion" unless failure was "substantially justified or is harmless").[3]

No Evidence to Destroy Amazon's DMCA Immunity. Kangaroo does not dispute that Amazon meets the threshold requirements for DMCA immunity, *see* SOF ¶¶ 20-21; KSOF ¶¶ 20-21, but argues that its response to Kangaroo's claims of infringement destroyed its safe harbor, Opp. at 6-8. Kangaroo again relies solely on Paragraphs 28 and 29 of its Statement of Facts, which point to documents attached to its attorneys' declarations. *See* Grimm Decl. Exs. E & F. But these documents do not support Kangaroo's claim. The exhibits—a series of emails between counsel for Kangaroo and Amazon—show an ongoing conversation about Kangaroo's claim that various third parties were selling infringing material and that Amazon had incorrectly allowed the listing of another product under the product number assigned to Kangaroo's emoji beach ball. *See id.* In each case, Amazon acted promptly to respond to Kangaroo's requests—either by removing the requested material or, when the notice lacked the information required by the DMCA (as was often the case), *see* 17 U.S.C. § 512(c)(3), requesting additional information (such as a copyright registration). *See, e.g.*, Grimm Decl. Ex. E at 14 ("We reviewed your report and determined that it is incomplete.… Please submit your report with all the required information as listed below.").[4]

---

[3] *See Cowboy v. Zinke*, 2018 WL 619722, at *3 (D. Ariz. Jan. 30, 2018) (failure to fully disclose nature of witness testimony in disclosure and response to interrogatories warranted exclusion on summary judgment); *Nolan v. BNSF Ry. Co.*, 2014 WL 12724428, at *3 (D. Ariz. Sept. 23, 2014) (excluding testimony based on failure to timely comply with Rule 26); *Westar Air Cargo of Tex., Inc. v. Weststar Express Air Cargo, Inc.*, 2007 WL 1381617, at *2-3 (D. Ariz. May 9, 2007) (limiting permissible evidence of damages where party failed to include material in initial disclosures).

[4] At no point did Kangaroo request that Amazon stop displaying its copyrighted images on the product detail pages at issue in this case; and in fact, it specifically requested that the images remain so that the sellers it identified as legitimate could continue to list and sell the products. *See id*. Ex. F at 20-21, 23-24, 27. Amazon certainly cannot be held liable for failing to stop the display of images that Kangaroo never requested be taken down.

AMAZON'S REPLY IN SUPP. MOT. FOR PARTIAL SUMM. J
Case No. 2.L17-cv-01806-SPL – 4
4832-5275-9919v.4 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

The evidence shows Amazon promptly responded to Kangaroo's notices, worked with it to obtain the DMCA-required information, and then once properly notified, expeditiously took down alleged infringing material. It is also undisputed that, after Kangaroo filed suit, Amazon's counsel worked directly with Kangaroo's counsel to identify and remove any additional material put at issue. This is precisely the circumstance and evidence the *Milo & Gabby* court found sufficient to afford Amazon DMCA immunity. *See* 2015 WL 4394673, at *6-9. This Court should do the same.

<u>No Evidence to Limit the Unrestricted License Kangaroo's Licensee Gave Amazon</u>. Kangaroo admits "all of its authorized sellers" are licensed to use Kangaroo's images, Opp. at 9, and it admits that one of those sellers—controlled by Kangaroo's principal—was authorized to resell products on Amazon. SOF ¶¶ 5-6; KSOF ¶¶ 5-6. Kangaroo claims, though, that it supposedly limited the scope of the license it grants all its authorized Amazon resellers. Yet it cannot cite a shred of evidence to support that bald claim. *See* Opp. 9 (citing nothing). In discovery, Amazon specifically requested any documents reflecting Kangaroo's agreements or licenses with its resellers. Kangaroo produced nothing—and still cannot belatedly provide anything in response to Amazon's motion. Critically, where, as here, "the scope of the license, and not its existence, is at issue, '***the copyright owner bears the burden*** of proving that the defendant's copying was unauthorized.'" *Netbula, LLC v. BindView Dev. Corp.*, 516 F. Supp. 2d 1137, 1150 (N.D. Cal. 2007) (quoting *Bourne v. Walt Disney Co.*, 68 F.3d 621, 631 (2d Cir. 1995)) (emphasis added). Kangaroo hasn't come close to meeting this burden. Here, the only evidence of the scope of the license to use Kangaroo's copyrighted material is the BSA. That license is clear on its face that it permits Amazon to use the images that resellers upload onto the website "in any manner" and without restriction. *See* SOF ¶ 7. Because Kangaroo's authorized reseller granted Amazon an express and unrestricted license to

AMAZON'S REPLY IN SUPP. MOT. FOR PARTIAL SUMM. J
Case No. 2.L17-cv-01806-SPL – 5
4832-5275-9919v.4 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

display, reproduce, and distribute the copyrighted material, Kangaroo's copyright claim against Amazon necessarily fails.[5]

### 3. Kangaroo Cannot Establish a Viable Argument for Willful Damages Under the Lanham Act.

Kangaroo has no evidence to justify pursuing a claim for enhanced damages under the Lanham Act. As the cases cited in Amazon's Motion establish, willful trademark infringement requires a showing of a "deliberate intent to deceive. Courts generally apply forceful labels such as 'deliberate,' 'false,' 'misleading,' or 'fraudulent' to conduct that meets this standard." *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1405-06 (9th Cir. 1993) (infringement not willful because it "was innocent and accomplished without intent to capitalize on [plaintiff's] trade name"), *abrogated on other grounds sub nom. by SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179 (9th Cir. 2016).

Kangaroo's evidence suggests (at most) that Amazon may not have always responded to Kangaroo's notices as quickly or in the manner that Kangaroo preferred. *See* Opp. at 5-6 (citing KSOF ¶¶ 28-29). But that doesn't come close to showing willfulness. Kangaroo offers no facts from which a reasonable jury could find that Amazon engaged in a deliberate attempt to trade on Kangaroo's reputation. In fact, the evidence shows the opposite—Amazon repeatedly responding to Kangaroo's notices, requesting additional information when needed, and taking down material when it received the DMCA-required details. Courts throughout this Circuit reject willfulness claims under these circumstances. For example, in *Hydramedia Corp. v. Hydra Media Grp. Inc.*, 392 F. App'x 522 (9th Cir. 2010), the Ninth Circuit rejected a willfulness claim where "Defendant enjoyed a strong reputation and there was no evidence it sought to mislead consumers or usurp any goodwill associated with Plaintiff's mark." *Id.* at 523; *see also Spin Master, Ltd. v. Zobmondo Entm't, LLC*, 944 F. Supp. 2d 830, 848

---

[5] Kangaroo again argues that its copyright claim includes violations of its distribution right. As set forth above, it waived those arguments months ago.

AMAZON'S REPLY IN SUPP. MOT. FOR PARTIAL SUMM. J
Case No. 2.L17-cv-01806-SPL – 6
4832-5275-9919v.4 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

(C.D. Cal. 2012) (court is bound by *Lindy Pen* to "require[e] some showing of intent to trade off the mark holder's 'established name' as a necessary (but perhaps not sufficient) condition" to establish willful infringement); *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 2013 WL 4528539, at *20 (N.D. Cal. Aug. 23, 2013), *amended in part by* 2013 WL 6157208 (N.D. Cal. Nov. 22, 2013), *aff'd*, 664 F. App'x 657 (9th Cir. 2016) ("[W]illful blindness cannot be based simply on a negligent failure to take action. Here, the evidence shows that Defendants were negligent in their failure to investigate Plaintiffs' senior rights, but not that they deliberately and consciously failed to do so.") (citations omitted).

Kangaroo has no evidence to support a finding of willfulness, and its enhanced damages claim must therefore be dismissed.

### B. Kangaroo's Defense of Its State Law Claims Has No Merit.

#### 1. Section 230 of the Communications Decency Act Precludes all State Law Claims Premised on Third-Party Sales and Content.

Kangaroo insists that Amazon is responsible under various state law theories for sales made by third parties and for alleged mistakes in product detail page content. *See* Opp. at 11 (arguing Amazon is liable for third-party sales under unfair competition claim); *id.* at 12 (arguing Amazon is liable for "altering the UPC codes and [product detail page] control to enable sales of unauthorized products"). Remarkably, however, Kangaroo's Opposition never mentions § 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230. As Amazon explained in its motion, federal courts universally apply § 230 to provide broad immunity to internet service providers, and courts have consistently concluded Amazon is entitled to this immunity from state law claims related to third-party sales or content on the Amazon.com site. Mot. at 10-12.

It is undisputed that nearly forty percent of the sales at issue were by third-party sellers, not Amazon. SOF ¶ 16; KSOF ¶ 16 ("Undisputed."). It is also undisputed that "Amazon did not contribute content to the detail page for any of the Accused Products,"

AMAZON'S REPLY IN SUPP. MOT. FOR PARTIAL SUMM. J
Case No. 2.L17-cv-01806-SPL – 7
4832-5275-9919v.4 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

as that content comes from third-parties. SOF ¶¶ 25-26; KSOF ¶¶ 25-26 ("Undisputed."). Kangaroo provides no response to § 230's application to these undisputed facts. *Rodriguez*, 2009 WL 4807315, at *1 ("Failure to respond to arguments raised in dispositive motions 'may be deemed a consent to the . . . granting of the motion.'") (quoting LRCiv 7.2(i)). Given the undisputed facts and Kangaroo's failure to address § 230, Kangaroo is not acting in good faith by refusing to withdraw claims related to third-party sales and content.

### 2. Kangaroo's Attempt to Duplicate Its IP Claims Through Common Law Negligence Is Meritless.

Kangaroo narrows its negligence claim to Amazon's own sales. Opp. at 11 ("Kangaroo's negligence claim seeks to hold Amazon liable for its own sales, not those of third parties.").[6] But Kangaroo cites no authority to support that state law negligence can serve as a vehicle to vindicate alleged IP infringement. In fact, the negligence claim—like all Kangaroo's state law claims—is preempted to the extent it seeks to protect rights coextensive with those protected by federal copyright laws. *See Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1213 (9th Cir. 1998).

To the extent Kangaroo seeks to use negligence to protect other rights, it has a remedy through the Lanham Act, and fails to identify any common-law duty owed by Amazon. Kangaroo ignores that Arizona "[c]ourts have not recognized a general duty to exercise reasonable care for the purely economic well-being of others, as distinguished from their physical safety or the physical safety of their property." *Lips v. Scottsdale Healthcare Corp.*, 224 Ariz. 266, 268, 229 P.3d 1008 (2010). Kangaroo provides no basis to depart from this settled rule, which alone warrants dismissal of this claim.

Moreover, Kangaroo's reliance on Amazon's seller agreement (the BSA) is nonsensical. It cites no law to suggest that breach of a contract with another party can

---

[6] To the extent Kangaroo maintains Amazon was negligent in managing the detail page (which is unclear from Kangaroo's brief), that claim is also preempted by § 230.

AMAZON'S REPLY IN SUPP. MOT. FOR PARTIAL SUMM. J
Case No. 2.L17-cv-01806-SPL – 8
4832-5275-9919v.4 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

support a negligence claim. Kangaroo also cites no law to support its claimed third-party beneficiary status—which is irrelevant because it brought no contract claim. And it ignores that, for "a person to recover as a third-party beneficiary in Arizona, the contracting parties must intend to directly benefit that person and must indicate that intention in the contract itself." *Sherman v. First Am. Title Ins. Co.*, 201 Ariz. 564, 567, 38 P.3d 1229 (Ct. App. 2002). Kangaroo identifies no part of the BSA showing an intent to benefit it, and cannot identify any BSA provision to support any obligation it attributes to that agreement. It claims the BSA imposes a duty on Amazon to exercise "due care for product display pages," Opp. at 10, but cites nothing, and the BSA actually disclaims any such duty. *See* Irwin Decl. Ex. A § 7. It also claims the BSA imposes "the obligation by sellers to list and sell goods matching the product display page," Opp. at 10, but again identifies no provision in the BSA (and an obligation "by sellers" is not an obligation of Amazon). Kangaroo's negligence claim has no support and no merit.

### 3. Kangaroo Abandoned Its Unjust Enrichment Claim.

Kangaroo provided no response to Amazon's motion on the unjust enrichment claim (Count V), and has thus abandoned it. The Court should dismiss it.

### 4. The Court Should Limit Kangaroo's Unfair Competition Claim to Mirror Its Lanham Act Claim.

Kangaroo misstates and apparently misunderstands the basis for Amazon's request for partial summary judgment on Kangaroo's unfair competition claim.

First, Kangaroo asserts that Amazon seeks dismissal of the unfair competition claim "to the extent it is co-extensive with the Lanham Act claim," but that is not correct. Opp. at 11. State law unfair competition claims are "congruent with Lanham Act claims," *eMove Inc. v. SMD Software Inc.*, 2012 WL 1379063, at *7 (D. Ariz. Apr. 20, 2012). And since Amazon does not seek summary judgment on the Lanham Act claims based on Amazon's own sales, it likewise made clear it does not seek summary judgment

AMAZON'S REPLY IN SUPP. MOT. FOR PARTIAL SUMM. J
Case No. 2.L17-cv-01806-SPL – 9
4832-5275-9919v.4 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

on the unfair competition claim based on the same sales. Mot. at 14. But unfair competition claims premised on third-party sales fail for the same reasons the federal claims fail (in addition to § 230 preemption).

Second, Kangaroo apparently misunderstands Copyright Act preemption. Kangaroo attributes to Amazon the position that the Copyright Act preempts the Lanham Act and therefore leaves Kangaroo with no recovery. *See* Opp. at 11. But the Copyright Act preempts state law (not the Lanham Act) to the extent Kangaroo seeks to use state law to protect rights equivalent to those protected by federal copyright laws. Thus, Kangaroo may not use unfair competition as a catch-all to recast all its federal IP claims as state law claims. To the extent Kangaroo seeks to protect copyrights with its unfair competition claim, that claim is preempted. To the extent Kangaroo seeks to protect other rights with its unfair competition claim, that claim rises and falls with its Lanham Act claim, but is subject to the additional limitations of § 230.

### 5. Kangaroo Abandoned Its Tortious Interference Claim, Which Must Be Dismissed as Meritless.

The Court should dismiss the tortious interference claim as abandoned. Kangaroo does not dispute that its "mandatory disclosures identify Amazon's management of the Buy Box as the sole basis for Kangaroo's tortious interference claim." SOF ¶ 18.e; KSOF ¶ 18 ("Undisputed."). And in the parties' stipulation, Kangaroo agreed to withdraw all claims premised on mismanagement of the Buy Box. *See* Dkt. 81 ¶ 7. Thus, Kangaroo has withdrawn or abandoned the entire tortious interference claim.

Yet in its Opposition, Kangaroo says that limiting its tortious interference claim to the Buy Box-related allegations is "incorrect[]" and points to scattered allegations in the complaint. *See* Opp. at 12. Kangaroo ignores its mandatory disclosures and offers no justification for why these undisclosed tortious interference theories should survive. Kangaroo was obligated to provide "complete and correct" responses. U.S.D.C. Ariz.

AMAZON'S REPLY IN SUPP. MOT. FOR PARTIAL SUMM. J
Case No. 2.L17-cv-01806-SPL – 10
4832-5275-9919v.4 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

General Order 17-08 ¶ 3.  It supplemented its disclosures three times—including at the close of discovery—and disclosed no factual basis or legal theory for the claim other than management of the Buy Box, *see* SOF ¶ 18.e, which has now been dismissed.  The Court should not endorse Kangaroo's disregard for its own mandatory disclosures.

Regardless, all bases for the tortious interference claim that Kangaroo raises in its Opposition are meritless.  As Amazon explained, Kangaroo has no evidence of any "intentional" interference or improper purpose, and Kangaroo alleges only general interference with P2P's potential relationships (not its own relationships), while this Court requires plaintiffs to identify "which specific business relationships or expectancies" were "disrupted."  *eMove*, 2012 WL 1379063, at *14; *see* Mot. at 14-15.  Kangaroo provides no evidence in response to these points.  Thus, even if Kangaroo hadn't abandoned this claim, the tortious interference claim must be dismissed entirely.[7]

### 6. Kangaroo's Punitive Damages Argument Is Meritless.

Kangaroo's punitive damages claim has no basis.  It relies on *Tiffany & Co. v. Costco Wholesale Corp.*, 127 F. Supp. 3d 241 (S.D.N.Y. 2015) to support that punitive damages may be appropriate where defendant is aware of customer confusion but does nothing to remedy it.  Opp. at 13.  But Kangaroo provides no evidence to show that occurred here.  And it ignores that, in *Tiffany*, the court's decision hinged on evidence showing defendant ***asked its vendors to copy plaintiff's design***.  127 F. Supp. 3d at 262.  Kangaroo cannot remotely approach evidence of such intent or "evil mind" here.

### III. CONCLUSION

The Court should grant Amazon's Motion for Partial Summary Judgment, and dismiss all Kangaroo's claims except its Lanham Act and unfair competition claims to the extent those claims are based on Amazon's own sales of the accused products.

---

[7] Kangaroo's tortious interference claim is also preempted to the extent it alleges mismanagement of detail page content or seeks to protect copyrighted material.

AMAZON'S REPLY IN SUPP. MOT. FOR PARTIAL SUMM. J
Case No. 2.L17-cv-01806-SPL – 11
4832-5275-9919v.4 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

DATED this 28th day of August, 2018.

By   *s/ John Goldmark*
    John A. Goldmark (admitted *pro hac vice*)
    Max B. Hensley (admitted *pro hac vice*)
    DAVIS WRIGHT TREMAINE LLP
    1201 Third Avenue, Suite 2200
    Seattle, WA 98101-3045
    Tel: (206) 622-3150; Fax: (206) 757-7700
    Email: johngoldmark@dwt.com
            maxhensley@dwt.com

    James E. Geringer (admitted *pro hac vice*)
    Klarquist Sparkman, LLP
    121 SW Salmon Street, Suite 1600
    Portland, Oregon 97204
    Tel: (503) 595-5300; Fax: (503) 595-5301
    Email: james.geringer@klarquist.com

AMAZON'S REPLY IN SUPP. MOT. FOR PARTIAL SUMM. J
Case No. 2.L17-cv-01806-SPL – 12
4832-5275-9919v.4 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2018, a true and correct copy of the foregoing document was electronically filed with the Clerk of the United States District Court of the District of Arizona by using the CM/ECF system, and that service will be accomplished by the CM/ECF system to all counsel of record.

I further certify that I have mailed a true and correct copy of the forgoing document by United States Mail as well as by email to:

Timothy Grimm, Esq.
Eadie Rudder, Esq.
Carpenter, Hazelwood, Delgado & Bolen, PLC
1400 E. Southern Ave., Suite 400
Tempe, AZ 85282
Email: timothy.grimm@carpenterhazlewood.com
Email: eadie.rudder@carpenterhazlewood.com

Attorneys for Plaintiff

DATED this 28th day of August, 2018.

*s/ John Goldmark*
John Goldmark

AMAZON'S REPLY IN SUPP. MOT. FOR PARTIAL SUMM. J
Case No. 2.L17-cv-01806-SPL – 13
4832-5275-9919v.4 0051461-001587

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax